UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TANYA E. BECNEL                                    CIVIL ACTION

VERSUS                                             NO. 17-17707

BROADWAY SERVICES, INC.                            SECTION "J" (2)

## ORDER AND REASONS ON MOTION

The portion of plaintiff's motion to compel, Record Doc. No. 20, related to her Request for Production No. 20 was previously deferred pending in camera review of the responsive materials allegedly subject to attorney-client communication and/or work product protection from discovery. Record Doc. 28. Defendant produced the disputed materials to me for in camera review, and I have examined them, together with the supplemental memorandum submitted by plaintiff. Record Doc. No. 29. For the following reasons, the deferred portion of the motion is GRANTED IN PART AND DENIED IN PART.

As previously noted and for the reasons set out in my prior order, defendant failed to submit evidence sufficient to bear its burden of proving either privilege or work product. Record Doc. No. 28, at p. 7. It has submitted no additional extrinsic evidence, only the materials themselves. Thus, I may find that the subject emails are protected from discovery only if it is self-evident on the face of the materials themselves that they are either attorney-client communications or work product materials.

Applying this standard, I find that both email strings dated June 20, 2016, and June 24, 2016, are protected from discovery. It is clear on the face of these communications, including from their express content, nature and context, that the communications were directed to or from Mag Bickford in her capacity as an attorney; they contain legal advice, requests for legal advice, and the mental impressions or legal conclusions, opinions or theories of counsel or other representatives of defendant concerning the instant litigation; and that they expressly anticipate litigation of almost precisely the sort now pending. I find no waiver or other exception vitiating the protection from discovery attributable to materials of this sort. Accordingly, plaintiff's motion to compel production of these two email strings is denied.

On the other hand, the motion is granted as to the single email dated June 23, 2016. This appears to be a straightforward factual account of a meeting personally attended by a non-client, non-defendant representative third-party, William Penick. Thus, the communications reflected in the email were not made confidentially between an attorney and clients. There is nothing on the face of this email – standing alone and without other evidence – to establish that Bickford participated in the meeting with this third-party in her capacity as an attorney or in anticipation of litigation. The single statement concerning the law attributed to her relating to any legal matter was made to the third-party, not to her clients or confidentially. I cannot conclude merely from the face of this email that it is either an attorney-client communication, made for purposes of obtaining or providing legal advice, or that it was work product made in anticipation of litigation or for trial purposes.

Accordingly, the June 23, 2016, email alone must be produced to plaintiff no later than December 3, 2018.

New Orleans, Louisiana, this ___26th___ day of November, 2018.

      JOSEPH C. WILKINSON, JR.
      UNITED STATES MAGISTRATE JUDGE